IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| James A. Bryant, #315781, | ) | Civil Action No.: 5:11-1315-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, Broad River Corr. Inst., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus on June 3, 2011. [§ 2254 Petition, Doc. # 1.] This matter is now before the Court with the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West[1] filed on May 31, 2012. [R&R, Doc. # 40.] In her R&R, the magistrate judge recommends that Petitioner's Motion for Default Judgment [Doc. # 19] be denied, and that Respondent's Motion for Summary Judgment [Doc. # 27] be granted. Petitioner timely filed objections to the R&R. [Obj., Doc. # 42.]

**Background**

On May 30, 2006, Petitioner was convicted by a jury for burglary, kidnapping, assault and battery with intent to kill, and assault and battery of a high and aggravated nature – the charges stemmed from a February 2006 incident where Petitioner entered the home of his estranged wife and attacked his estranged wife, her young son, and her boyfriend with a stick.[2] Although Petitioner had

---

[1] This matter was referred to Magistrate Judge West pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C.

[2] The facts and procedural background are more thoroughly discussed in the magistrate's R&R. [*See* R&R, Doc. # 40, at 1–7.]

attempted at the end of his trial to plead guilty, the trial judge rejected his plea during a hearing where, among other things, when asked if he was guilty, Petitioner said, "Well, see. That's the part. I was so drunk up, I don't know if I did it or not." [R., Doc. # 26-2, 120, at 216:23–24.]

Petitioner appealed his case to the South Carolina Court of Appeals, alleging that the trial judge erred in refusing to exclude certain bad act evidence, and in refusing to accept his guilty plea. The South Carolina Court of Appeals affirmed Petitioner's conviction in January 2009.

Three months later, Petitioner filed an application for post-conviction relief ("PCR"), alleging ineffective assistance of counsel and several other grounds, which was dismissed on August 25, 2009. Petitioner, through counsel, filed a petition for writ of certiorari contesting the PCR court's finding on only one ground: that defense counsel was ineffective in failing to object to an incorrect malice charge. In April 2011, the South Carolina Supreme Court denied the petition for certiorari.

On June 3, 2011, Petitioner filed his § 2254 Petition raising the following issues:

**Ground One:** The judge erred in refusing to suppress prejudicial prior bad act testimony about a confrontation between the appellant and his estranged wife.

**Ground Two:** The judge erred in refusing to accept a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).

**Ground Three:** Ineffective assistance of counsel (trial and appeal counsels).

<u>Issue A</u>: Was appellant counsel ineffective for failing to argue the directed verdict issues on appeal?

<u>Issue B</u>: Was counsel ineffective for not arguing that the State's evidence at trial was in fatal variances with the allegations within the indictments?

<u>Issue C</u>: Was defense counsel ineffective in failing to obtain or at least requiring a psychological evaluation for applicant before going to trial?

>    Issue D:    Was counsel ineffective for failing to object to the State's witness as a qualified expert?
>
>    Issue E:    Was defense counsel ineffective for not obtaining an independent crime scene and forensic expert?
>
>    Issue F:    Was counsel ineffective for failing to object to the State's prejudicial use of prejudicial photos?
>
>    Issue G:    Did counsel fail to adequately investigate and prepare for trial and thereby committing ineffective assistance?
>
>    Issue H:    Was counsel ineffective for not objecting or taking exception to the trial court's erroneous malice charge?
>
>    Issue I:    Was counsel ineffective for not objecting to hearsay testimony?
>
> **Ground Four:**    Denial of due process by prosecutorial misconduct.

[§ 2254 Pet., Doc. # 1, at 1–14.]

On May 19, 2011, Respondent timely filed his Motion for Summary Judgment,[3] along with a return and memorandum in support. [Mot. Summ. J., Doc. # 26– 27.] Because Petitioner is proceeding *pro se*, the magistrate judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on October 14, 2011, advising Petitioner of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. Petitioner filed his Response in opposition to the Summary Judgment Motion on November 17, 2011. [Resp., Doc. # 33.] Respondent filed a Reply, to which Petitioner filed a Sur-Reply. [Docs. # 34, 35.]

---

[3] On September 14, 2011, Petitioner filed a Motion for Default Judgment against Respondent, based upon his suppose failure to respond. [Doc. # 19.] However, that Motion was filed during the period of time in which the magistrate judge had allowed Respondent additional time to file dispositive motions. [*See* Docs. # 15, 23.] Further, Petitioner's objections do not take issue with the magistrate's holding on this issue. [Obj., Doc. # 42.] Thus, as noted by the magistrate, Petitioner's Motion is plainly without merit. [*See* R&R. Doc. # 40, at 31.]

**Standard of Review**

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

**Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th

4

Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). Several of the objections offered by Petitioner fail to meet the applicable standard set above as they mostly rehash his initial arguments before the magistrate or state the applicable law of the case. *See, e.g.*, *Weber v. Aiken-Partain*, No. 8:11–cv–02423, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections that merely rehash arguments raised before, and addressed by, the magistrate are insufficient to direct the court to a specific error in the magistrate's proposed findings and recommendations); *Harrison v. Brown*, No. 3:10–cv–2642, 2012 WL 243212, at *1 (D.S.C. Jan. 24, 2012) (same); *Malik v. Sligh*, No. 2:11–cv–01064–RBH, 2011 WL 6817750, at *2 (D.S.C. Dec. 28, 2011) (same). After reviewing the magistrate's R&R, the Court find that these issues were correctly addressed by the magistrate.

Nonetheless, out of an abundance of caution, to the extent Plaintiff appears to raise cognizable and specific objections to the magistrate's R&R, those objections are addressed below.

### I.     **Procedurally barred claims**

The magistrate held that all but one of Petitioner's claims under Ground Three, as well as the claim under Ground Four, were procedurally barred as all of these issues were ruled upon by the PCR court yet never raised in Petitioner's writ of certiorari in the PCR appeal. [R&R, Doc. # 40, at 23–24.] Petitioner does not object to the finding that these claims are procedurally barred. However, in a supplemental filing attached to his objections, Petitioner takes issue with the magistrate's finding that he failed to show either cause for his noncompliance or actual prejudice resulting from the alleged constitutional violation. [Obj., Doc. # 42-1, at 1–5.]

As discussed by the magistrate, in the context of procedurally barred claims, if a federal habeas petitioner can show *both* (1) "'cause' for noncompliance with the state rule[,]" *and* (2)

5

"'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. 527, 533 (1986) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).

In his Objections, Petitioner claims he can show cause for his default because, although Petitioner's PCR appellate counsel only raised a single issue in the PCR appeal, Petitioner attempted to address the defaulted issues via supplemental *pro se* filings with the South Carolina Supreme Court. [Obj., Doc. # 42-1, at 3–4.] However, as the magistrate noted, "the South Carolina Supreme Court has held that there is no right under the Sixth Amendment or the South Carolina Constitution to hybrid representation, and it will not accept substantive documents filed *pro se* by persons represented by counsel." [R&R, Doc. # 40, at 25 (citing *State v. Stuckey*, 333 S.C. 56, 58. 508 S.E.2d 564, 564–65 (1998)).] Thus, because nothing impeded Petitioner's counsel from filing a brief with Petitioner's additional claims, Petitioner cannot show cause for failure to comply with the procedural rule and his objection is overruled. [*Id.*][4]

There being no established "cause," this Court may not consider whether the Petitioner was "prejudiced." *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) ("We are mindful . . . that in *Engle* [*v. Isaac*, 456 U.S. 107, 134 n.43 (1982)], after finding that there was no cause for the

---

[4] Petitioner appears to now argue that because his PCR appellate counsel failed to include his arguments, his attorney's errors constitute "cause" for his procedural default. [Obj., Doc. # 42-1, at 3–4.] However, such an allegation is insufficient to allege cause for procedural default or undue prejudice from an alleged constitutional violation. "[T]he Fourth Circuit has unambiguously held that there is no constitutional right to counsel at the post-conviction relief stage, and, thus, there can be no error which implicates the Sixth Amendment." *Longworth v. Ozmint*, 302 F. Supp.2d 535, 545 D.S.C. (2003) (discussing the ability of a litigant in a § 2254 proceeding to argue that he could show cause for default by arguing that his PCR appellate counsel erred in not including issues on appeal, and ruling that such an argument is not sufficient to show cause) (citing *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir.1997) (en banc)).

default, the Supreme Court ended its inquiry, noting that because 'we conclude[d] that these respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice.' "); *see also Breard v. Pruett*, 134 F.3d 615, 620 (4th Cir.1998) (same).

## II.     Other claims

Petitioner also objects to the magistrate's finding that his remaining claims – those alleged in Ground One, Ground Two, and Ground Three, Issue H – lacked merit.

First, Petitioner argues that the magistrate erred in determining that Petitioner failed to assert any federal law or constitutional right at issue when he alleged that the trial judge erred by refusing to suppress testimony from Petitioner's estranged wife regarding a confrontation between she and Petitioner . [Obj. Doc. # 42, at 2.] As he did before the magistrate, Petitioner again alleges that, although the decision was affirmed by the South Carolina Court of Appeals, admission of the evidence at issue was violative of South Carolina law. [*Id.*] However, Petitioner's objection is meritless because, as discussed by the magistrate, his claim squarely falls outside this court's jurisdiction on habeas review as it hinges on the state court's interpretation of state evidence law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991)("Federal habeas corpus relief does not lie in errors of state law.").[5]

---

[5] This Court is mindful of the very narrow exception that habeas relief is available "[o]nly when a state 'evidentiary ruling is so egregious that it results in a denial of fundamental fairness.' " *Poole v. Warden of Leath Correctional Inst.*, No. 0:03-cv-03499-RBH, 2007 WL 397286 at *19 (D.S.C. Jan. 31, 2007) (quoting *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)). However, in neither his objections before this Court nor in his presentation to the magistrate has Petitioner contended or presented any evidence that the trial court's ruling was so fundamentally unfair as to deny him due process of law. "To carry that burden, the petitioner must show that there is a reasonable probability that the error complained of affected the outcome of the trial – i.e., that absent the alleged impropriety the verdict probably would have been different." *Id.* (quoting *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995)).

Second, Petitioner claims the magistrate was erroneous in holding that Petitioner had no constitutional right to have his guilty plea accepted pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). [Obj. Doc. # 42, at 3.] In his objection, Petitioner merely argues that his attempted plea was "constitutionally legal" and "should have been accepted." [*Id.*] However, this argument is flatly without merit. As the magistrate explained, the *Alford* Court itself clarified that its holding "does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead."*Alford*, 400 U.S. at 40 n.11. Further, South Carolina law provides that a defendant "has no constitutional right to plea bargain[,]" nor is a trial judge "required to accept a plea." *Reed v. Becka*, 333 S.C. 676, 685, 511 S.E.2d 396, 401 (Ct. App. 1999).

Third, Petitioner objects to the magistrate's holding that Petitioner's claim of ineffective assistance of counsel was invalid where Petitioner argued that his trial counsel was ineffective by failing to object to the court's jury instruction on malice. [Obj. Doc. # 42, at 4–5.]

This objection is without merit. The adequacy of a jury charge in a state trial is typically a matter of state procedural and substantive law that does not involve federal constitutional issues. *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960). Further, to the extent the Petitioner claims, as he did before the magistrate, that the charge was legally deficient and his counsel was ineffective for failing to object, this argument fails.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of

reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The United States Supreme Court has emphasized that, while surmounting *Strickland's* high bar is never an easy task, establishing that a state court's application of *Strickland* was unreasonable under § 2254 "is all the more difficult." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). "The standards created by *Strickland* and § 2254[] are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Id*.

Here, there is simply no evidence of deficient performance. The South Carolina Court of Appeals affirmed the trial court, and the PCR court specifically found that the jury instruction was proper. [*See* R&R, Doc. # 40, at 4, 6, 30–31 (citing record).] The PCR court also found that the counsel's testimony on this issue was credible, while Petitioner's was not. *Wilson v. Ozmint,* 352 F.3d 847, 858-59 (4th Cir. 2003) (noting that federal courts are to give deference to these credibility findings by state courts). Given the PCR court's finding that the charge was correct, coupled with its finding of credibility on the part of Petitioner's counsel, there is simply no showing that counsel's actions in failing to object to a charge, which he believed to be valid, fell below an objective standard of reasonableness. *See Harrington*, 131 S.Ct. at 788 (holding that when reviewing a state court's reasonableness determination, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard"). "Furthermore, because the malice charge was proper, Petitioner also fails to prove any resulting prejudice under the second prong of *Strickland*." [R&R, Doc. # 40, at 31.]

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

**Conclusion**

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of Petitioner's objections and finds them without merit. For the reasons stated above and by the magistrate judge, the Court hereby overrules all of Petitioner's objections and adopts the magistrate judge's R&R.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 27] is **GRANTED** and the § 2254 Petition is hereby **DISMISSED**.

**IT IS ALSO ORDERED** that Petitioner's Motion for Default Judgment [Doc. # 19] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                      s/ R. Bryan Harwell
                                      R. Bryan Harwell
                                      United States District Judge

Florence, South Carolina
August 20, 2012