IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| James A. Bryant, #315781, | ) | Civil Action No.: 5:11-cv-01315-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, Broad River Corr. Inst., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's "Petition for Rehearing En Banc" filed on September 25, 2012. The Court construes the Motion as a motion to reconsider its Order filed on August 20, 2012, granting Respondent's Motion for Summary Judgment and dismissing Petitioner's case. For the reasons discussed herein, Petitioner's Motion is denied.

**Standard of Review**

Motions for reconsideration are inappropriate merely to introduce new legal theories or new evidence that could have been adduced during the pendency of the prior motion. *See Wojcicki v. Aiken Tech. College*, No. 1:06–cv–00461, 2012 WL 3596161, at *2 (D.S.C. Aug. 12, 2012) (citing *Keene Corp. v. Int'l Fidelity Ins*. Co., 561 F.Supp. 656 (N.D. Ill.1982), aff'd, 736 F.2d 388 (7th Cir.1982)).

Motions under Rule 59 of the Federal Rules of Civil Procedure are not to be made lightly; "reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE 59.30[4] (3d ed.). A Rule 59(e) motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *See Zinkand v. Brown*,

478 F.3d 634, 637 (4th Cir. 2007) (citations omitted). The Fourth Circuit has emphasized that mere disagreement with a court's ruling does not warrant a Rule 59(e) motion. *See Hutchinson v. Staton*, 994 F.2d 1076 (4th Cir. 1993) (citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss.1990)). Nor are Rule 59(e) motions opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Like a 59(e) motion, Rule 60 provides for an extraordinary remedy that should not be awarded except under exceptional circumstances. *See Mayfield v. National Ass'n for Stock Car Auto Racing*, 674 F.3d 369, 376 (4th Cir. 2012). Rule 60(b) provides a means for the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for six separately listed reasons including "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud," a void judgment, a satisfied, released or discharged judgment, and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b) (1)-(6). Prior to establishing that one of the above six subparts is applicable, a party moving for relief under Rule 60(b) "must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *See Werner v. Carbo*, 731 F.2d 204, 206–07 (4th Cir. 1984) (footnote omitted). Although "for any reason that justifies relief" has been described as a catch-all provision, a motion under Rule 60(b)(6) may not be granted absent extraordinary circumstances. *See Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004) (internal quotation marks omitted). "Relief under 60(b)(6) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *See Wojcicki*, 2012 WL 3596161, at *2 (citing *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir.1986) (per curiam)).

**Discussion**

As he did previously before this Court, Petitioner merely reargues that (1) the malice charge given at his trial was legally deficient and his counsel was ineffective for failing to object; (2) that the Court incorrectly held that Petitioner had no constitutional right to have his guilty plea accepted pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970); and (3) the Court erred in determining that Petitioner failed to assert any federal law or constitutional right at issue when he alleged that the trial judge erred by refusing to suppress testimony from Petitioner's estranged wife regarding a confrontation between she and Petitioner.

These issues were precisely and squarely addressed by this Court's August 20, 2012, Order in this case. Petitioner has not established any intervening change in controlling law, new evidence that could not have been adduced during the pendency of the motion, or a clear error of law, to support his motion for reconsideration pursuant to Rule 59(e). As to Rule 60(a), the Court finds that the order contains no applicable clerical mistakes, oversights or omissions. As to Rule 60(b), the Court finds that none of the six subparts of the Rule is applicable. As to Rule 60(b)(6), there are no extraordinary circumstances that create a substantial danger that the underlying judgment was unjust.

**Conclusion**

The Court has thoroughly analyzed the entire record and finds that its prior decision was, and is, correct as a matter of law.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration, which he styled as a "Petition for Rehearing En Banc" is **DENIED**.

**IT IS SO ORDERED**.

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
April 8, 2013